UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LYNDSEY MIDDENDORF, | : | Case No. 1:15-cv-439 |
| | : | |
| Plaintiff, | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| WEST CHESTER HOSPITAL, LLC, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 5)**

## I.  INTRODUCTION

This case is one of hundreds of cases in both Ohio state courts and federal courts stemming from the alleged conduct of an orthopedic surgeon named Abubakar Atiq Durrani who formerly lived and worked in the Cincinnati area.  In 2013, allegations surfaced that Dr. Durrani had for years subjected his patients to unnecessary surgeries without informed consent as part of a financial scheme.  Dr. Durrani was criminally indicted in late 2013, but fled to his native Pakistan before trial.  There is no indication he will return.  In his absence, hundreds of allegedly wronged patients have filed civil suits against numerous related parties, from Dr. Durrani himself to the facilities where surgeries allegedly took place to the manufacturers of the medial products that were allegedly inserted into patient s without their informed consent.  The majority of the plaintiffs in these various lawsuits are represented by a single law firm, the Deters Law Office.

1

In the case currently before this Court, Plaintiff Lyndsey Middendorf has filed a proposed class action suit against Defendants West Chester Hospital, LLC and UC Health. The complaint advances claims of fraud and violations of the Ohio Consumer Sales Protection Act. (Doc. 3, at 41–46).[1] The proposed class advanced by the complaint is "any BMP-2 patient at West Chester Dr. Durrani implanted BMP-2 who is not already a Deters Law Office or other law office client who has brought a claim for BMP-2." (*Id.* at 3).[2] Ms. Middendorf is represented by the Deters Law Office in both this case and a separate case filed in Ohio state court raising similar claims against, among others, the defendants in this case. *Middendorf v. Durrani, et al,* Hamilton County Court of Comm. Pl. No. A1506649 (Dec. 7, 2015).

Defendants filed a timely motion to dismiss (Doc. 5), which was placed on hold while the Court adjudicated a motion to remand filed by Plaintiffs. (Doc. 11). The Court has denied the motion to remand (*see* Doc. 18), and the motion to motion to dismiss has now been fully briefed by the parties.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) authorizes courts to strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter."

---

[1] Currently pending before the Court is a motion by Plaintiff to drop two of the four counts (negligence and negligent credentialing, supervision, and retention) from the original complaint. (Doc. 23). Defendants did not respond to that motion in the time allotted by the Federal Rules of Civil Procedure. The Court accordingly grants the motion (Doc. 23) and will evaluate the current motion to dismiss as applied to the complaint without the two removed claims.

[2] BMP-2 is a medical product that is alleged to have been inserted into many of Dr. Durrani's patients without informed consent during Dr. Durrani's tenure in the Cincinnati area.

Fed. R. Civ. P. 12(f).  The purpose of the Rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Kennedy v. Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986).  A Rule 12(f) motion is the preferred method for addressing class allegations that cannot be cured by discovery.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *see also Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2012 WL 641946, at *4 (S.D. Ohio Feb. 28, 2012).  Because "[a] party seeking class certification must affirmatively demonstrate his compliance with [Federal Rule of Civil Procedure 23]," *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (U.S. 2011), certification is proper only "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  A failure to satisfy any of the Rule's requirements "dooms the class."  *Pilgrim*, 660 F.3d at 946.

There are two parts to Rule 23.  Part (a) requires that the party seeking class certification must show the numerosity, commonality, typicality and adequacy of representation.  Part (b) requires the party to show that questions of law or fact common among class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  In addition to these explicit requirements is an implicit one: a party must show also that the proposed class is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532,

3

537–38 (6th Cir. 2012) (internal citations omitted). A successful class definition is one that is based on objective criteria so that class members may be identified without individualized fact finding. *Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986); *see also* 7A Wright & Miller, Federal Practice and Procedure, § 1760 (3d ed.) (noting that the class description must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member."). An unsuccessful class definition is one that is based on "subjective standards . . . or terms that depend on resolution of the merits[.]" Manual for Complex Litigation (Fourth) § 21.222 (2004).

### III. ANALYSIS

#### A. The proposed class does not have a proper class representative

Defendants argue in their motion to dismiss that class certification should be denied and the complaint should be dismissed because Lyndsey Middendorf is not a proper class representative for the class advanced in the complaint. Defendants are correct.

Ms. Middendorf is clearly not a member of the class she seeks to represent. While the members of the putative class include people "who [are] not already a Deters Law Office or other law office client who has brought a claim for BMP-2," Ms. Middendorf is currently being represented by the Deters Law Office in a case in state court advancing similar claims to those advanced in this complaint. *Middendorf v. Durrani, et al,* Hamilton County Court of Comm. Pl. No. A1506649 (Dec. 7, 2015). She therefore cannot be a member of the proposed class in this case. That is the end of this

Court's necessary inquiry into the merits of this class action, as the Supreme Court has quite clearly stated that "a class representative must be part of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

Without Ms. Middendorf, the proposed class from the complaint has no class representative.[3] With no named party pursuing the claims of the complaint, this case must be dismissed.

## IV.  CONCLUSION

Ultimately, there appears to be little need for this class action, which seems to this Court to merely be an attempt by the Deters Law Office to "corner the market" on any potential plaintiffs they may have missed who are not among the hundreds of plaintiffs currently pursuing their claims in Ohio state court.  This is an inappropriate use of the class action mechanism, and if allowed would create duplicitous litigation that would threaten to waste judicial resources and prolong the ultimate resolution of the many serious claims arising from the alleged acts of Dr. Durrani.  As it stands, allowing this complaint to proceed would serve no one but Plaintiff's counsel.

---

[3] The Court notes that the difference between Ms. Middendorf and the potential members of the putative class is not merely superficial.  If allowed to serve as a class representative in this case, Ms. Middendorf would be simultaneously advancing two cases against the same defendants seeking similar relief.  The progress of one case might dictate the level of attention or effort given to the other; if Ms. Middendorf's state case progresses in her favor, it would be reasonable to expect that her energy would be directed away from the present case and towards the state case so as to maximize her chances of recovery.  This is an untenable situation, and perfectly illustrates why the Supreme Court has held that lead plaintiffs in a class action are required to be class members.

Accordingly, **IT IS ORDERED** as follows:

1) Plaintiff's motion to dismiss count II and count IV of the complaint without prejudice (Doc. 23) is **GRANTED;**

2) Defendants' motion to dismiss (Doc. 5) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE;**

3) The Clerk shall enter judgment accordingly, whereupon this civil action shall be **CLOSED**.

**IT IS SO ORDERED.**

Date:  7/25/17

*Timothy S. Black*
Timothy S. Black
United States District Judge